**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION** | 2:23-CV-80<br>Master Docket: Misc. No. 21-mc-1230-JFC<br><br>MDL No. 3014<br><br>**SHORT FORM COMPLAINT FOR** |
| **This Document Relates to:**<br>JAMES JUST | **PERSONAL INJURIES, DAMAGES, AND DEMAND FOR JURY TRIAL** |

Plaintiff(s) incorporate(s) by reference the Amended Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial filed in *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Litigation*, MDL No. 3014, Master Docket Misc. No. 21-mc-1230 (the "Master Long Form Complaint"). This Short Form Complaint adopts the allegations, claims, and requested relief as set forth in the Master Long Form Complaint. As necessary herein, Plaintiff(s) may include: (a) additional claims and allegations against Defendants; and/or (b) additional claims and allegations against other Defendants not listed in the Master Long Form Complaint.

Plaintiff(s) further allege(s) as follows:

**I.    DEFENDANTS**

1. Plaintiff(s) name(s) the following Defendants in this action:

    ☒ Koninklijke Philips N.V.

    ☒ Philips North America LLC.

    ☒ Philips RS North America LLC.

1

☒ Philips Holding USA Inc.

☒ Philips RS North America Holding Corporation.

☒ Polymer Technologies, Inc.

☒ Polymer Molded Products LLC.

## II. PLAINTIFF(S)

2. Name of Plaintiff(s):
   James Just

3. Name of spouse of Plaintiff (if loss of consortium claim is being made):

4. Name and capacity (*i.e.*, executor, administrator, guardian, conservator, etc.) of other Plaintiff, if any:

5. State(s) of residence of Plaintiff(s) (if the Recalled Device user is deceased, residence at the time of death):
   Washington

## III. DESIGNATED FORUM

6. Identify the forum (United States District Court and Division) in which the Plaintiff would have filed in the absence of direct filing:
   US District Court of Washington, Western District

## IV. USE OF A RECALLED DEVICE

7. Plaintiff used the following Recalled Device(s):

| | |
|---|---|
| ☐ E30 (Emergency Use Authorization) | ☐ Dorma 500 |
| ☐ DreamStation ASV | ☒ REMstar SE Auto |
| ☐ DreamStation ST, AVAPS | ☐ Trilogy 100 |
| ☐ SystemOne ASV4 | ☐ Trilogy 200 |
| ☐ C-Series ASV | ☐ Garbin Plus, Aeris, LifeVent |
| ☐ C-Series S/T and AVAPS | ☐ A-Series BiPAP Hybrid A30 (not marketed in U.S.) |
| ☐ OmniLab Advanced + | |
| ☐ SystemOne (Q-Series) | ☐ A-Series BiPAP V30 Auto |
| ☒ DreamStation | ☐ A-Series BiPAP A40 |
| ☐ DreamStation Go | ☐ A-Series BiPAP A30 |
| ☐ Dorma 400 | ☐ Other Philips Respironics Device; if other, identify the model: _____ |

## V. INJURIES

8. Plaintiff alleges the following physical injuries as a result of using a Recalled Device together with the attendant symptoms and consequences associated therewith:

☐ COPD (new or worsening)

☐ Asthma (new or worsening)

☐ Pulmonary Fibrosis

☐ Other Pulmonary Damage/Inflammatory Response

☒ Cancer  lung _____ (specify cancer)

☐ Kidney Damage

☐ Liver Damage

3

☐ Heart Damage

☐ Death

☐ Other (specify)

_____

**VI.  CAUSES OF ACTION/DAMAGES**

9.  As to Koninklijke Philips N.V., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

☒ Count I:        Negligence

☒ Count II:       Strict Liability: Design Defect

☒ Count III:      Negligent Design

☒ Count IV:       Strict Liability: Failure to Warn

☒ Count V:        Negligent Failure to Warn

☒ Count VI:       Negligent Recall

☒ Count VII:      Battery

☒ Count VIII:     Strict Liability: Manufacturing Defect

☒ Count IX:       Negligent Manufacturing

☒ Count X:        Breach of Express Warranty

☒ Count XI:       Breach of the Implied Warranty of Merchantability

☒ Count XII:      Breach of the Implied Warranty of Usability

☒ Count XIII:     Fraud

☒ Count XIV:      Negligent Misrepresentation

☒ Count XV:      Negligence Per Se

☒ Count XVI:     Consumer Fraud and/or Unfair and Deceptive Practices Under State Law

☒ Count XVII:    Unjust Enrichment

☐ Count XVIII:   Loss of Consortium

☐ Count XIX:     Survivorship and Wrongful Death

☒ Count XX:      Medical Monitoring

☒ Count XXI:     Punitive Damages

☒ Count XXII:    Other [specify below]

All other specific legal theories based upon the occurrences alleged are reserved for future allegation, however plaintiff now asserts the right to prejudgment interest on all economic damages from the date incurred until entry of judgment

10. As to Philips North America LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

☒ Count I:       Negligence

☒ Count II:      Strict Liability: Design Defect

☒ Count III:     Negligent Design

☒ Count IV:      Strict Liability: Failure to Warn

☒ Count V:       Negligent Failure to Warn

☒ Count VI:      Negligent Recall

☒ Count VII:     Battery

☒ Count VIII:    Strict Liability: Manufacturing Defect

☒ Count IX:      Negligent Manufacturing

5

| | | |
|---|---|---|
| ☒ | Count X: | Breach of Express Warranty |
| ☒ | Count XI: | Breach of the Implied Warranty of Merchantability |
| ☒ | Count XII: | Breach of the Implied Warranty of Usability |
| ☒ | Count XIII: | Fraud |
| ☒ | Count XIV: | Negligent Misrepresentation |
| ☒ | Count XV: | Negligence Per Se |
| ☒ | Count XVI: | Consumer Fraud and/or Unfair and Deceptive Practices Under State Law |
| ☒ | Count XVII: | Unjust Enrichment |
| ☐ | Count XVIII: | Loss of Consortium |
| ☐ | Count XIX: | Survivorship and Wrongful Death |
| ☒ | Count XX: | Medical Monitoring |
| ☒ | Count XXI: | Punitive Damages |
| ☒ | Count XXII: | Other [specify below] |

All other specific legal theories based upon the occurrences alleged are reserved for future allegation, however plaintiff now asserts the right to prejudgment interest on all economic damages from the date incurred until entry of judgment

---

11. As to Philips RS North America LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

| | | |
|---|---|---|
| ☒ | Count I: | Negligence |
| ☒ | Count II: | Strict Liability: Design Defect |
| ☒ | Count III: | Negligent Design |
| ☒ | Count IV: | Strict Liability: Failure to Warn |

6

☒ Count V:       Negligent Failure to Warn

☒ Count VI:      Negligent Recall

☒ Count VII:     Battery

☒ Count VIII:    Strict Liability: Manufacturing Defect

☒ Count IX:      Negligent Manufacturing

☒ Count X:       Breach of Express Warranty

☒ Count XI:      Breach of the Implied Warranty of Merchantability

☒ Count XII:     Breach of the Implied Warranty of Usability

☒ Count XIII:    Fraud

☒ Count XIV:     Negligent Misrepresentation

☒ Count XV:      Negligence Per Se

☒ Count XVI:     Consumer Fraud and/or Unfair and Deceptive Practices Under State Law

☒ Count XVII:    Unjust Enrichment

☐ Count XVIII:   Loss of Consortium

☐ Count XIX:     Survivorship and Wrongful Death

☒ Count XX:      Medical Monitoring

☒ Count XXI:     Punitive Damages

☒ Count XXII:    Other [specify below]

All other specific legal theories based upon the occurrences alleged are reserved for future allegation, however plaintiff now asserts the right to prejudgment interest on all economic damages from the date incurred until entry of judgment

12. As to Philips Holding USA Inc., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

- [x] Count I: Negligence
- [x] Count II: Strict Liability: Design Defect
- [x] Count III: Negligent Design
- [x] Count IV: Strict Liability: Failure to Warn
- [x] Count V: Negligent Failure to Warn
- [x] Count VI: Negligent Recall
- [x] Count VII: Battery
- [x] Count VIII: Strict Liability: Manufacturing Defect
- [x] Count IX: Negligent Manufacturing
- [x] Count X: Breach of Express Warranty
- [x] Count XI: Breach of the Implied Warranty of Merchantability
- [x] Count XII: Breach of the Implied Warranty of Usability
- [x] Count XIII: Fraud
- [x] Count XIV: Negligent Misrepresentation
- [x] Count XV: Negligence Per Se
- [x] Count XVI: Consumer Fraud and/or Unfair and Deceptive Practices Under State Law
- [x] Count XVII: Unjust Enrichment
- [ ] Count XVIII: Loss of Consortium
- [ ] Count XIX: Survivorship and Wrongful Death
- [x] Count XX: Medical Monitoring

☒ Count XXI: Punitive Damages

☒ Count XXII: Other [specify below]

All other specific legal theories based upon the occurrences alleged are reserved for future allegation, however plaintiff now asserts the right to prejudgment interest on all economic damages from the date incurred until entry of judgment

---

13. As to Philips RS North America Holding Corporation, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

☒ Count I: Negligence

☒ Count II: Strict Liability: Design Defect

☒ Count III: Negligent Design

☒ Count IV: Strict Liability: Failure to Warn

☒ Count V: Negligent Failure to Warn

☒ Count VI: Negligent Recall

☒ Count VII: Battery

☒ Count VIII: Strict Liability: Manufacturing Defect

☒ Count IX: Negligent Manufacturing

☒ Count X: Breach of Express Warranty

☒ Count XI: Breach of the Implied Warranty of Merchantability

☒ Count XII: Breach of the Implied Warranty of Usability

☒ Count XIII: Fraud

☒ Count XIV: Negligent Misrepresentation

☒ Count XV: Negligence Per Se

9

☒ Count XVI:     Consumer Fraud and/or Unfair and Deceptive Practices Under State Law

☒ Count XVII:    Unjust Enrichment

☐ Count XVIII:   Loss of Consortium

☐ Count XIX:     Survivorship and Wrongful Death

☒ Count XX:      Medical Monitoring

☒ Count XXI:     Punitive Damages

☒ Count XXII:    Other [specify below]

All other specific legal theories based upon the occurrences alleged are reserved for future allegation, however plaintiff now asserts the right to prejudgment interest on all economic damages from the date incurred until entry of judgment

---

14. As to Polymer Technologies, Inc., Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

☒ Count I:       Negligence

☒ Count II:      Strict Liability: Design Defect

☒ Count III:     Negligent Design

☒ Count IV:      Strict Liability: Failure to Warn

☒ Count V:       Negligent Failure to Warn

☒ Count VIII:    Strict Liability: Manufacturing Defect

☒ Count IX:      Negligent Manufacturing

☒ Count XIII:    Fraud

☒ Count XIV:     Negligent Misrepresentation

☒ Count XVII:    Unjust Enrichment

10

☐ Count XVIII:     Loss of Consortium

☐ Count XIX:       Survivorship and Wrongful Death

☒ Count XX:        Medical Monitoring

☒ Count XXI:       Punitive Damages

☒ Count XXII:      Other [specify below]

    All other specific legal theories based upon the occurrences alleged are reserved for future allegation, however plaintiff now asserts the right to prejudgment interest on all economic damages from the date incurred until entry of judgment

---

15. As to Polymer Molded Products LLC, Plaintiff(s) adopt(s) the following claims asserted in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial, and the allegations and prayer for relief with regard thereto, as set forth therein:

☒ Count I:         Negligence

☒ Count II:        Strict Liability: Design Defect

☒ Count III:       Negligent Design

☒ Count IV:        Strict Liability: Failure to Warn

☒ Count V:         Negligent Failure to Warn

☒ Count VIII:      Strict Liability: Manufacturing Defect

☒ Count IX:        Negligent Manufacturing

☒ Count XIII:      Fraud

☒ Count XIV:       Negligent Misrepresentation

☒ Count XVII:      Unjust Enrichment

☐ Count XVIII:     Loss of Consortium

☐ Count XIX:       Survivorship and Wrongful Death

☒ Count XX:        Medical Monitoring

11

☒ Count XXI:      Punitive Damages

☒ Count XXII:     Other [specify below]

All other specific legal theories based upon the occurrences alleged are reserved for future allegation, however plaintiff now asserts the right to prejudgment interest on all economic damages from the date incurred until entry of judgment

16. If additional claims against the Defendants identified in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial are alleged above, the additional facts, if any, supporting these allegations must be pleaded. Plaintiff(s) assert(s) the following additional factual allegations against the Defendants identified in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial:

17. Plaintiff(s) contend(s) that additional parties may be liable or responsible for Plaintiff(s)' damages alleged herein. Such additional parties, who will be hereafter referred to as Defendants, are as follows (must name each Defendant and its citizenship):

18. Plaintiff(s) assert(s) the following additional claims and factual allegations against other Defendants named in Paragraph 16 above:

WHEREFORE, Plaintiff(s) pray(s) for relief and judgment against Defendants and all such further relief that this Court deems equitable and just as set forth in the Master Long Form Complaint for Personal Injuries, Damages and Demand for Jury Trial and any additional relief to which Plaintiff(s) may be entitled.

Date: Jan 17 2023

s/ Jeffrey A. Bowersox
Jeffrey A. Bowersox OSB No. 814422
Bowersox Law Firm, P.C.
385 1st St., Suite 215
Lake Oswego, OR 97034
(503) 452-5858
jeffrey@bowersoxlaw.com